**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

This Document Relates to:
Lydia Wilson,
v.
3M Company, et al.,
19-cv-1199

**REPORT AND RECOMMENDATION**

Defendants request dismissal of this case for failure to prosecute based on Plaintiff Lydia Wilson's failure to comply with her discovery obligations. Dkt. Nos. 39.

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). When provided sufficient opportunities to cure noncompliance, dismissal with prejudice is appropriate. *See, e.g.*, MDL Dkt. No. 2921.

This case was selected as one of 150 Bair Hugger cases to be worked up for trial, with a scheduling order issued on October 29, 2025. Dkt. Nos 26, 28. The fact discovery deadline was April 13, 2026. Dkt. No. 28. On January 8, 2026, Defendants informed the Court that Wilson had failed to respond to Defendants' written discovery requests. Dkt. No. 31. The Court ordered Wilson to respond by January 22, 2026. Dkt. No. 32. Wilson's counsel informed the Court by e-mail that the responses had largely been provided and any outstanding responses would be provided shortly. In March 2026,

Defendants filed a letter representing that Wilson "has continued to fail to meet multiple [impending] discovery obligations." Dkt. No. 35. After Wilson failed to respond, Defendants requested dismissal. Dkt. No. 36. The Court ordered Wilson to respond by April 10, 2026. Dkt. No. 37. Wilson failed to respond. *See generally* Docket.

The Court agrees with Defendants that with-prejudice dismissal is appropriate. After this case was selected as one of the 150 to be worked up for trial, this Court entered an accelerated scheduling order. Dkt. No. 28. Defendants' counsel represented to the Court that Wilson had failed to resolve several outstanding discovery issues. Dkt. No. 35 at 2 (listing the outstanding discovery issues Wilson had failed to resolve). Wilson did not respond to Defendants' March 17 and April 2, 2026 letters. When the Court ordered Wilson to respond, she failed to comply with that order as well. The time for fact discovery has now passed. Dismissal is the appropriate remedy here.

For the reasons set forth above, the Court RECOMMENDS THAT: Defendants' request for dismissal (Dkt. No. 39) be GRANTED.

Dated: April 21, 2026                           s/ David T. Schultz_____
                                                DAVID T. SCHULTZ
                                                United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).